■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CREA and NEIL FORMISANO, Appellants.—Appeal by the defendant Formisano from three judgments of the Supreme Court, Westchester County (McMahon, J.), all rendered January 23, 1985, convicting him of (1) conspiracy in the fourth degree under indictment No. 83-00771-02, upon a jury verdict, and imposing sentence, and (2) grand larceny in the second degree (two counts), under indictments Nos. 83-00658-01 and 83-00659-02, upon his pleas of guilty, and imposing sentences.

Appeal by the defendant Crea from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered January 9, 1985, convicting him of conspiracy in the fourth degree under indictment No. 83-00771-01, upon a jury verdict, and imposing sentence.

The appeals bring up for review (1) two orders of the County Court, Westchester County (Cowhey, J.), both entered March 19, 1984, which denied those branches of both defendants' respective omnibus motions which were to dismiss those counts of Westchester County indictments Nos. 83-00771-01 and 83-00771-02, charging them with conspiracy in the second degree and conspiracy in the fourth degree; and (2) an order of the Supreme Court, Westchester County (McMahon, J.), entered October 4, 1984, which denied those branches of the defendant Crea's omnibus motion which were to suppress testimony concerning of his arrest on August 13, 1982, and evidence which was obtained as a result of a search of Crea's person incident to that arrest.

Ordered that the judgments rendered January 23, 1985 with respect to the defendant Formisano are reversed, on the law, the pleas of guilty to the two counts of grand larceny in the second degree under Westchester County indictments Nos. 83-00658-01 and 83-00659-02 are vacated, pleas of not guilty are reinstated, a new trial is ordered with respect to the charge of conspiracy in the fourth degree under Westchester County

indictment No. 83-00771-02, and the charges of grand larceny in the second degree under Westchester County indictments Nos. 83-00658-01 and 83-00659-02 are remitted to the Supreme Court, Westchester County, for further proceedings; and it is further,

Ordered that the judgment rendered January 9, 1985 with respect to the defendant Crea is reversed, on the law, the branches of his omnibus motion which were to suppress testimony concerning his arrest on August 13, 1982, and evidence which was obtained as a result of a search of his person incident to that arrest, are granted, and a new trial is ordered.

These consolidated appeals involve two related cases. The principal case involves an alleged conspiracy between three individuals, the defendants Crea and Formisano and one Carmine DeNisco, a Village of Pelham Manor police officer, to kill or seriously injure an individual named Devon Smith, who had been accused of having committed several sexual assaults and robberies in the Pelham Manor area in Westchester County. Evidence first revealing this alleged conspiracy was uncovered as a result of an eavesdropping order under which a wiretap was placed on Formisano's telephone in connection with charges against Formisano and others relating to an alleged scheme to defraud the Consolidated Edison Company of New York, Inc. (hereinafter Con Edison).

Both defendants were convicted, after a trial, of conspiracy in the fourth degree with regard to the alleged scheme to kill or seriously injure Smith. They were both acquitted by the jury of the charge of conspiracy in the second degree. Formisano subsequently entered a plea of guilty to two counts of grand larceny in the second degree in full satisfaction of the charges against him with regard to the scheme to defraud Con Edison, upon the understanding that the sentences imposed thereunder would run concurrently with the sentence imposed for his conviction of conspiracy in the fourth degree.

The main problem before this court is whether the defendants were deprived of a fair trial in the conspiracy case by various alleged errors committed therein. In particular, we must focus on whether the hearing and trial courts erred in failing to exclude certain evidence, and whether this failure substantially prejudiced the defendants. The evidence presented by the People to prove the conspiracy, which was entirely circumstantial, consisted of three main elements: (1) proof that an unidentified woman (who, according to the prosecution, was a relative of one of the defendants and who

the defendants believed had been sexually assaulted by Devon Smith) participated in an unreported identification procedure on July 9, 1982, at the Pelham Manor Police Station in which she allegedly became hysterical after recognizing Smith through a two-way mirror, and had to be taken out of the police station; (2) evidence that on August 13, 1982, the defendant Crea and two other individuals were arrested in The Bronx, near Devon Smith's home, on the charge of criminal possession of weapons, when the van in which the two other individuals were seated, and next to which Crea was standing, was found to contain two loaded guns; and (3) evidence from various recorded conversations obtained as a result of an eavesdropping order which authorized the wiretapping of Formisano's phone. During the recorded conversations between DeNisco and Formisano, Formisano demonstrated a persistent interest in the status of the cases involving Devon Smith, and he consistently passed on the information he had learned from DeNisco to Crea. However, at no point during any of these conversations was there any statement made expressly evincing an intent or a plan to harm Smith.

The proof with regard to the identification procedure on July 9, 1982, involving the unidentified female relative of one of the defendants, was based upon the hearsay testimony of a Detective Doherty of the New York City Police Department. Doherty had previously assisted DeNisco in the investigation of a prior sexual assault reported in Pelham Manor in late June 1982 by circulating a pamphlet through precincts in The Bronx which contained a montage picture of the suspect. Doherty's assistance eventually resulted in the production of a number of photographs, including that of Smith, which was then identified by one of the two victims. Doherty testified, over objection, that on July 13, 1982, he had a conversation with DeNisco during which DeNisco told him about the photographic identification, and also mentioned that "another [unidentified] female" had participated in an identification procedure in which she had viewed Devon Smith, during which she "became hysterical", and had to be taken away.

This testimony was clearly hearsay and it was not admissible under the coconspirator's exception to the hearsay rule as DeNisco's statement was not made in furtherance of the conspiracy, nor was it part of the res gestae of any act which was in furtherance of the conspiracy (see, People v Sanders, 56 NY2d 51, 62; People v Liccione, 63 AD2d 305, 322, affd 50 NY2d 850). The admission of this testimony was substantially

prejudicial because it was essential to the proof of the People's contention that a relative of one of the defendants participated in an undisclosed identification procedure on July 9, 1982, in which she recognized Smith as the person who had sexually assaulted her. Thus, this testimony provided proof of a motive for the alleged conspiracy, i.e., to avenge the sexual attack Smith had supposedly made upon a relative of one of the defendants. While proof of motive is not an essential element of conspiracy, it was critical to the persuasiveness of the People's case at bar which was based entirely upon circumstantial evidence.

Similarly, the suppression hearing court erred in not excluding testimony concerning the arrest of Crea on August 13, 1982, and the items which were seized as a result of the search of his person made incident to that arrest. The initial forcible seizure of Crea on that day was made without reasonable suspicion. The police officer who forcibly stopped Crea heard a report over the police radio that there was a white van at a specific location in The Bronx in the back of which there was a woman who was bound and gagged and screaming for help. The source of the information in the radio message was an anonymous telephone call from a woman who had learned of this information from children in the neighborhood.

While in general, " '[a] police officer is entitled to act on the strength of a radio bulletin * * * from a fellow officer or department and to assume its reliability' ", where (as in this case) a suppression motion is made challenging the constitutionality of that officer's actions, the People must establish that the officer or department which sent the message had sufficient cause for so acting *(People v Ward,* 95 AD2d 233, 236, quoting from *People v Lypka,* 36 NY2d 210, 213). To determine whether the sending officer or department had the requisite cause to act, the court must determine if the information communicated by the informant to the sending officer carried sufficient "indicia of reliability" to permit the sender to reasonably credit it *(People v Ward, supra,* at p 238). In this case, the initial seizure of the defendant Crea was clearly a forcible stop, if not a full-scale arrest.

The requisite basis for making such a forcible stop is reasonable suspicion that the individual is committing, has committed or is about to commit a crime *(see,* CPL 140.50; *People v Cantor,* 36 NY2d 106, 110). That requisite basis was lacking in the instant case. The anonymous telephone tip which was based upon information which the anonymous informant had learned from neighborhood children was of the weakest reli-

ability *(see, People v La Pene,* 40 NY2d 210, 224). At most, this information would have justified the police in approaching the van to make inquiries. It certainly did not justify the forcible seizure of the defendant Crea, who was, in fact, never seen by the police inside the van, but only standing next to it.

Thus, the hearing court erred in denying Crea's motion to suppress testimony concerning his arrest on August 13, 1982, and the evidence which was seized in the search of his person incident to that arrest, as well as the statements made by him. It did not, however, err in declining to suppress the two guns and other evidence seized from the van on that day. Crea did not have standing to object to the constitutionality of the seizure of the van *(see, People v Ponder,* 54 NY2d 160, 165-166), and raised no legitimate objection to the introduction of that evidence.

However, the evidence concerning the items seized from the van was not admissible at the trial against the defendant Formisano, who was not even present at the August 13, 1982 incident. In order for this evidence to be admissible against Formisano, on the ground that it was connected to an act of the coconspirator Crea in furtherance of the conspiracy, there would have to be independent admissible evidence from which a prima facie case of conspiracy could be proven against Formisano *(see, People v Salko,* 47 NY2d 230, 237-238; *People v Bongarzone,* 116 AD2d 164, 171). Such evidence was lacking here, where the only independent admissible evidence of a conspiracy involving Formisano was the recorded telephone conversations which were too vague to establish a prima facie case of conspiracy on their own.

Finally, the trial court improperly admitted testimony by Devon Smith regarding three incidents which occurred during the summer of 1982, in which he was mysteriously followed and harassed by unidentified persons driving different vehicles. No significant evidence was presented connecting any of these incidents to the alleged conspiracy. The potential prejudicial impact of this testimony far outweighed its probative value, and it was consequently improper to admit it *(see, People v Davis,* 43 NY2d 17, 27). The cumulative impact of the improper admission of all the above-mentioned evidence was to substantially prejudice the rights of both defendants to a fair trial. The reversal of both of their convictions is, therefore, mandated.

The court also erred in refusing to charge the lesser included offenses of conspiracy in the fifth degree (to commit

assault in the second degree against Devon Smith) and conspiracy in the sixth degree (to commit assault in the third degree against Devon Smith). Both of these crimes, when considered in the abstract, are clearly lesser included offenses of conspiracy in the fourth degree, and it would have been reasonable for the jury, based upon the evidence, to acquit the defendants of conspiracy in the fourth degree, but convict them of conspiracy in the fifth degree or conspiracy in the sixth degree *(see, People v Glover,* 57 NY2d 61, 63). Since the defendants were convicted of conspiracy in the fourth degree, but acquitted of conspiracy in the second degree, the failure to submit the lesser included offenses to the jury cannot be considered harmless error *(see, People v Green,* 56 NY2d 427, 435).

Since Formisano entered his guilty plea to two counts of grand larceny in the second degree in connection with the indictments against him concerning the alleged scheme to defraud Con Edison, pursuant to the express commitment of the court that he would receive concurrent sentences on these two convictions which would also be concurrent to the sentence to be imposed on his trial conviction of conspiracy in the fourth degree, we are obligated to vacate his guilty pleas because we are reversing his trial conviction *(see, People v Fuggazzatto,* 62 NY2d 862, 863; *People v Rogers,* 48 NY2d 167).

We have examined the defendants' other contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.