■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GERBINO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered September 23, 1985, convicting him of burglary in the second degree, criminal mischief in the fourth degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to be established.

A new trial is required in this case as a result of the cumulative and prejudicial effect of certain irrelevant evidence which the trial court permitted the People to put before the jury (see, People v Crea, 126 AD2d 556). Admitted was certain testimony that the complainant had retrieved a handbag, stolen during the burglary, from a person who lived several blocks from the scene of the burglary. There was no proof as to where or how the property was actually found by the person who returned it to the complainant. The People then offered proof that when the defendant was arrested, over a year after the crime, he gave as his address his mother's residence which was on the same block as the house where the complainant retrieved her handbag. There was no proof that the defendant resided at this address at the time of the crime. The only purpose of admitting this evidence was to suggest to the jury that the defendant lived at the same address at the time the crime was committed, and therefore the stolen handbag was discovered on the same block after he discarded it.

Finally, the prosecution placed in evidence a photograph of the defendant taken shortly after his arrest which may have made him appear somewhat disreputable. There was no purpose in admitting any photographs of the defendant since no one saw him commit the burglary. Additionally, since the photograph was taken over a year after the burglary, it was not relevant to the defendant's appearance at the time of the crime. None of the evidence to which the defendant objects was probative of any fact that was of consequence in the determination of the case (see, People v Davis, 43 NY2d 17, 27,

*cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670), and was so prejudicial that a new trial is warranted *(see, People v Crea, supra).*

We find no merit to the other contention raised by the defendant. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.