■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE NAVONNE RILEY, Appellant. [680 NYS2d 203] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered December 5, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a prison term of 1 year, and judgment, same court (Richard Carruthers, J.), rendered April 8, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a concurrent term of 4½ to 9 years, unanimously affirmed.

The verdict was not against the weight of the evidence. We see no reason to disturb the credibility determinations of the jury.

Since defense counsel was given notice of the court's intention to respond to the jury's request for supplemental instruction regarding reasonable doubt by simply rereading its original instructions, and counsel declined the opportunity to offer comment, defendant's current claim that the court did not give his counsel meaningful notice regarding the supplemental instructions is not preserved (*People v DeRosario*, 81 NY2d 801). Further, since the court's initial instructions were proper, there was no error in the court's rereading those instructions (*People v Malloy*, 55 NY2d 296, *cert denied* 459 US 847). In

this connection, the court properly determined that meaningful response required readback of its full initial instructions regarding reasonable doubt, including that portion referring to proper consideration of the testimony of a single identifying witness (*supra*).

The court properly accepted as nonpretextual the prosecutor's race-neutral explanations for peremptory challenges to three venirepersons (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). In this connection, defendant's current claim that the court failed to make a proper record of its findings in determining defendant's *Batson* challenge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court followed the three-step *Batson* procedure and, upon its assessment of the credibility of the prosecutor, properly found that the offered race-neutral reasons were not pretextual (*supra*).

We have considered defendant's additional claims and find them to be without merit. Concur—Ellerin, J. P., Williams, Mazzarelli and Andrias, JJ.