■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEL WILLIAMS, Appellant. [696 NYS2d 55] —Appeal by the defendant from a judgment of Supreme Court, Queens County (Robinson, J.), rendered December 16, 1997, convicting him of murder in the second degree (two counts) and kidnapping in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It is well settled that the decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial (*see, People v Brown,* 194 AD2d 682; *People v Vann,* 182 AD2d 655; *People v Cooper,* 173 AD2d 551, 552). Following the testimony of the first witness, the trial court was notified that two of the jurors had recognized a courtroom spectator as someone with whom they had attended high school. When the two jurors were questioned on the matter, they stated that they knew the individual only from high school, years earlier, and did not know whether the individual was present to support the defendant or the victim. Although one juror expressed some concern about a possible future "confrontation", when asked, both jurors unequivocally stated that the matter would not influence their deliberations or verdict and that they did not fear for their personal safety. The trial court offered to discharge the juror that expressed some concern, but the defendant refused.

Upon the defendant's insistence that the entire jury panel was tainted because they overheard the two jurors' discussion regarding the spectator, the trial court questioned all of the jurors and alternate jurors. After questioning each of the jurors separately, the court expressly determined that each would be capable of rendering an impartial verdict and of deciding the case solely upon the evidence presented during trial. Under these circumstances, we find that his motion for a mistrial was properly denied (*see, People v Rivera,* 26 NY2d 304, 307-308; *People v Wakefield,* 212 AD2d 649).

The defendant's remaining contentions are without merit. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.