■ The People of the State of New York, Respondent, v Alejandro DeJesus Fernandez, Appellant. [701 NYS2d 907] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered July 12, 1995, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence. Questions relating to evaluation of conflicting expert testimony were properly presented to the jury, and its determinations accepting the testimony of the prosecution witnesses and rejecting the defenses of insanity and extreme emotional disturbance are supported by the record.

Viewed as a whole, the charge conveyed the appropriate legal principles (*People v Fields*, 87 NY2d 821) and properly explained the relationship between the insanity and extreme emotional disturbance defenses.

The court properly exercised its discretion in denying defendant's motion for a mistrial, the only remedy requested (*see, People v Rice*, 75 NY2d 929, 932-933), made on the ground that certain jurors had been exposed to news media coverage of the case during trial. Since defendant never requested that the jurors in question be discharged and replaced with alternates, his current contention in this regard has not been preserved for appellate review and we decline to review it in the interest

of justice. Were we to review such claim, we would find that the court's inquiry of the jurors at issue sufficiently established that they had not engaged in "misconduct of a substantial nature" (CPL 270.35 [1]) and that their minimal and fleeting exposure to news accounts would not affect their verdict, especially in light of the court's curative instructions.

We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.