■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE STEVENS, Appellant. [713 NYS2d 606] —Order unanimously affirmed. Memorandum: We reject the contention of defendant that County Court improvidently denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of juror misconduct. The affidavits of the private investigators submitted by defendant constitute hearsay and thus are insufficient to support the motion (*see, People v Friedgood*, 58 NY2d 467, 473; *People v Ford*, 46 NY2d 1021, 1023). The affidavit of the one juror submitted by defendant also is insufficient to support the motion. That juror did not participate in the deliberations and thus the affidavit provides no evidentiary support for the contention of defendant that he was prejudiced by juror misconduct (*see, People v Friedgood, supra*, at 473; *People v Ford, supra*, at 1023). Furthermore, the incidental observations by the one juror that were allegedly imparted to the other jurors did not contradict evidence presented at trial. Thus, those observations do not require reversal; there is no likelihood that prejudice would be engendered inasmuch as the observations do not relate to a material issue (*see, People v Maragh*, 94 NY2d 569, 573-574; *cf., People v Brown*, 48 NY2d 388, 394-395). (Appeal from Order of Erie County Court, Rogowski, J.—CPL art 440.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ. [As amended by unpublished order entered Dec. 27, 2000.]