■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JAMES KNORR, Appellant. [728 NYS2d 169] —Appeal by the defen-
dant from a judgment of the Supreme Court, Kings County
(Carroll, J.), rendered June 25, 1999, convicting him of crimi-
nal sale of a controlled substance in or near school grounds,
upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following the testimony of the first witness, the trial court
was notified that the court clerk received a telephone call from
a man who claimed to be a juror, and who stated that he knew
the defendant and was afraid to come forward. The caller hung
up when the court clerk offered to let him speak to the Trial
Judge. When the trial court informed counsel of this, the
defense counsel moved for a mistrial, contending that the jury
as a whole was tainted and that an inquiry would only cause
the juror to remain silent regarding any bias. Over the

defendant's objection, the trial court conducted an inquiry and determined that none of the jurors was the caller. The trial court denied the defendant's motion.

The defendant's contentions concerning the sufficiency of the trial court's inquiry of the jury are unpreserved for appellate review (*see,* CPL 470.05[2]; *People v Torres,* 80 NY2d 944; *People v Fernandez,* 269 AD2d 167; *People v Jones,* 260 AD2d 647). In any event, we find that the inquiry was sufficient to protect the defendant's right to a fair trial (*see, People v Buford,* 69 NY2d 290; *People v Blyden,* 55 NY2d 73).

Moreover, "the decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Williams,* 264 AD2d 745, 746; *see, People v Rice,* 75 NY2d 929; *People v Cooper,* 173 AD2d 551). The defendant failed to establish conduct inside or outside the courtroom that was prejudicial to him and deprived him of a fair trial (*see,* CPL 280.10 [1]). Therefore, the Supreme Court properly declined to declare a mistrial.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.