■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE KEYES, Appellant. [748 NYS2d 557] —Judgment, Supreme

Court, New York County (Bernard Fried, J.), rendered December 12, 2000, convicting defendant, after a jury trial, of two counts of scheme to defraud in the first degree and four counts of grand larceny in the third degree, and sentencing him to six concurrent terms of 1 to 3 years and directing him to make restitution in the amount of $146,628.42, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence. Defendant's convictions arose out of a scheme under which he caused an insurance brokerage firm of which he was the principal to overcharge insureds for premiums and to withhold from the insureds certain portions of return premiums received from the insurers that should have been refunded. The return premiums were given to defendant's firm by the insurance companies to hold for the benefit of the insureds and to transmit to the insureds, and therefore the conversion of those funds by defendant's firm supports defendant's conviction of larceny by embezzlement (*see* Penal Law § 155.05 [2] [a]; *compare People v Yannett*, 49 NY2d 296). Defendant's overcharging of insureds supported his conviction of larceny by false pretenses, since his invoices implicitly represented that his commissions and fees were calculated in accordance with the terms of the policies and that the balance represented the premium charged by the insurer (*see* Penal Law § 155.05 [2] [a]; *People v Norman*, 85 NY2d 609; *People v Rubin*, 286 AD2d 555, 556, *lv denied* 97 NY2d 733; *People v Napolitano*, 282 AD2d 49, 56, *lv denied* 96 NY2d 866). The evidence, including defendant's numerous and often conflicting rationales for his billing practices, was sufficient to establish his intent. There is no basis upon which to disturb the jury's credibility determinations, including its rejection of defendant's testimony. We have considered and rejected defendant's remaining arguments concerning the sufficiency of the evidence.

The court properly excluded testimony that there was no other insurance coverage less expensive than the policies defendant procured, even with the overcharges, since such testimony was not relevant to the issue of whether defendant misrepresented how much was owed the insurance companies and whether he charged more than he was entitled to. In any event, various witnesses testified that defendant's policies were the cheapest they could find, and thus the proposed testimony would have been merely cumulative (*see People v Davis*, 43 NY2d 17, 27, *cert denied* 435 US 998).

Defendant's suppression motion was properly denied. The

People established, through competent evidence, the voluntariness of the consent to search defendant's firm's offices, given by the executive vice-president. The testifying detective had sufficient personal knowledge of the circumstances under which the vice-president twice consented to the search.

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Mazzarelli, Buckley and Sullivan, JJ.