■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE KIRK, Appellant. [790 NYS2d 669]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered November 3, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees and possession of gambling records in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 1½ to 3 years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the first two above terms to concurrent terms of 4½ to 9 years, and otherwise affirmed.

The court properly exercised its discretion in admitting evidence of a contemporaneous uncharged drug transaction. This evidence completed the narrative and was inextricably interwoven with the drug possession charges, and it was highly probative of the contested issues of defendant's knowledge that drugs were in the car in which he was seated and his intent to sell them (*see People v Alvino,* 71 NY2d 233, 245 [1987]; *People v Castro,* 101 AD2d 392 [1984], *affd* 65 NY2d 683 [1985]). The court's detailed limiting instructions minimized any potential for prejudice to defendant.

The court provided a meaningful response to a note from the deliberating jury (*see People v Almodovar,* 62 NY2d 126, 131 [1984]; *People v Malloy,* 55 NY2d 296, 301-302 [1982], *cert denied* 459 US 847 [1982]). The court reasonably concluded that a rereading of an instruction on the automobile presumption (Penal Law § 220.25 [1]) would satisfy the jury's inquiry, and this response could not have caused defendant any prejudice.

Defendant's contentions with regard to the prosecutor's summation are unpreserved and we decline to review them in the

interest of justice. Were we to reach these claims, we would find that while some of the comments at issue would have been better left unsaid, they did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We find the sentences excessive to the extent indicated. Concur—Mazzarelli, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.