■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROHRBERG, Appellant. [802 NYS2d 682]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered March 23, 2004, convicting defendant, after a jury trial, of grand larceny in the second degree and practice of law by an attorney who has been disbarred, suspended or

convicted of a felony (Judiciary Law § 486), and sentencing him, as a second felony offender, to concurrent terms of 4 to 8 years and 1 year, respectively, unanimously affirmed.

Defendant's challenges to the sufficiency of the trial evidence are unpreserved (*People v Sala*, 95 NY2d 254, 260-261 [2000]; *People v Taylor*, 304 AD2d 434 [2003], *lv denied* 100 NY2d 566 [2003]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant was properly convicted of larceny by false pretenses. Implicitly and through his conduct, defendant, a former attorney, made false statements to his client regarding his license to practice law, thereby obtaining fees to which he was not entitled (*see People v King*, 85 NY2d 609, 625 [1995]; *People v Keyes*, 298 AD2d 234 [2002], *lv denied* 99 NY2d 583 [2003]). After both his suspension and disbarment, defendant continued to refer to himself as "counsel," bill for and provide legal services to the client, and undertake activities requiring a license to practice law. Moreover, under this Court's rules, defendant was obligated to notify his clients of his disbarment (*see* 22 NYCRR 603.13 [c], [d]). For this reason, defendant's omission to act (i.e., state that he was no longer an attorney) is itself an act (i.e., a statement that he was an attorney) (*see* Penal Law § 15.00 [5]) that properly supported his guilt. Furthermore, the element of reliance was established by testimony that the client would not have hired someone who was not a duly licensed attorney, and would not have paid defendant's fees if it had been aware of his suspension and/or disbarment.

The court properly sentenced defendant as a second felony offender, and his argument concerning sequentiality is unavailing (*see People v Besser*, 266 AD2d 164, 165 [1999], *affd* 96 NY2d 136 [2001]). Concur—Tom, J.P., Mazzarelli, Friedman, Catterson and McGuire, JJ.