■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DOMBROFF, Appellant. [843 NYS2d 421]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Pitts, J.), rendered September 3, 2003, convicting him of grand larceny in the second degree (five counts), grand larceny in the third degree (twelve counts), and scheme to defraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to sustain his conviction, and that the verdict of guilt was against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Zuga,* 23 AD3d 315 [2005]; *People v Keyes,* 298 AD2d 234 [2002]; *People v Wachulewicz,* 295 AD2d 169 [2002]). Moreover, resolution of issues of credibility is primarily a question to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d at 633).

Contrary to the defendant's contention, the trial court provided a meaningful response to notes from the deliberating jury seeking supplemental instructions regarding the definitions of intent, defraud, and larceny (*see People v Lourido,* 70 NY2d 428, 435 [1987]; *People v Almodovar,* 62 NY2d 126, 131 [1984]; *People v Malloy,* 55 NY2d 296, 298 [1982], *cert denied* 459 US 847 [1982]; *People v Pannell,* 287 AD2d 659, 659-660 [2001]). In response to the jury's notes, the trial court providently exercised its discretion by rereading its full initial instructions on the definitions of intent, defraud, and larceny, as the initial instructions were proper, and the jury indicated its satisfaction with the response (*see People v Kirk,* 16 AD3d 230 [2005]; *People v Riley,* 254 AD2d 78 [1998]; *People v Shanks,* 207 AD2d 710 [1994]; *People v Saltares,* 184 AD2d 740 [1992]).

The defendant's contention that his motion for a mistrial based on juror misconduct was improperly denied is without merit. It is well settled that "not every misstep by a juror rises to the inherently prejudicial level at which reversal is required automatically" (*People v Clark,* 81 NY2d 913, 914 [1993]). "Because juror misconduct can take many forms, no ironclad rule of decision is possible. In each case the facts must be examined to determine the nature of the material placed before the jury and the likelihood that prejudice would be engendered" (*People v Simon,* 224 AD2d 458, 458 [1996]). Upon learning of various "postings" by the jurors in the jury room during a trial recess the trial court, with the approval of the defense counsel and the prosecutor, properly carried out a complete inquiry of each juror and alternate individually, ascertaining the nature of the matters posted and any possible discussions and the extent of those discussions, as well as whether the postings and discussions affected each juror's ability to assess the credibility of witnesses, and whether each juror had formed an opinion as to the defendant's guilt or innocence (*see People v Simon,* 224 AD2d at 458). The jurors' responses established that they had not been prejudiced by the postings or any discussions, and had not made any premature determination as to the guilt or innocence of the defendant. As the trial court's assessment "is afforded great weight because of its unique position to observe" the jurors (*People v Simon,* 224 AD2d at 458), its determination that a mistrial was not warranted will not be disturbed.

The defendant contends that the admission into evidence of hearsay testimony and documentary evidence of certain statements by a nontestifying witness deprived him of his constitutional right to confrontation. However, since the defendant did not specifically argue that the complained-of testimony and documentary evidence deprived him of his right to confrontation, that argument is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Johnson,* 43 AD3d 288 [2007]). In any event, the defendant's right to confrontation was not violated by admission of the subject statements into evidence because they were not testimonial in nature (*see Davis v Washington,* 547 US —, 126 S Ct 2266 [2006]; *Crawford v Washington,* 541 US 36, 56 [2004]; *People v Meekins,* 34 AD3d 843 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.