■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVAN MARTIN, Appellant. [863 NYS2d 491]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered December 19, 2002, convicting him of murder in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The decision to grant or deny a motion for a mistrial lies within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial (*see People v Ortiz,* 54 NY2d 288, 292 [1981]; *People v Smith,* 23 AD3d 415 [2005]; *People v Williams,* 264 AD2d 745 [1999]). During the trial, the trial court was informed that several jurors felt intimidated by the defendant's family when leaving the courthouse. When the jurors were questioned on the matter, they stated that they felt uncomfortable having contact with the defendant's family when leaving the courthouse. Although one juror expressed some fear for her personal safety, when asked, these jurors unequivocally stated that they could remain fair and impartial. The court then questioned each of the other jurors and alternate jurors. Most

of the other jurors were aware that some jurors had expressed concerns relating to entering and leaving the courthouse. Each of the other jurors and alternate jurors assured the court that he or she could remain fair and impartial and follow the court's instructions. The court instructed each juror to disregard any conversations among the jurors and not to discuss the matter with the other jurors.

The court reiterated its instructions to the jurors to report any concerns to it, not to discuss any concerns with the other jurors, and to confine their deliberations to the evidence before them. The court made arrangements for car service and lunch for the jury to alleviate any safety concerns and minimize juror contact with the defendant's family. Under these circumstances, the defendant's motion for a mistrial was properly denied (*see* CPL 280.10 [1]; *People v Hunt,* 39 AD3d 961, 963 [2007]; *People v Knorr,* 284 AD2d 411, 412 [2001]; *People v Williams,* 264 AD2d 745 [1999]).

The trial court properly denied, without a hearing, the defendant's motion pursuant to CPL 330.30 (2) to set aside the verdict on the ground of alleged juror misconduct (*see People v Maragh,* 94 NY2d 569, 574 [2000]; *People v Stevens,* 275 AD2d 902 [2000]).

Although there was no relevant purpose in admitting the defendant's arrest photographs into evidence (*see People v Pobliner,* 32 NY2d 356 [1973], *cert denied* 416 US 905 [1974]; *People v Diaz,* 277 AD2d 325 [2000]; *People v Rivera,* 192 AD2d 561, 562 [1993]; *cf. People v Logan,* 25 NY2d 184, 195-196 [1969], *cert denied* 396 US 1020 [1970]), under the circumstances, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]; *People v Rivera,* 192 AD2d 561 [1993]; *People v Gerbino,* 132 AD2d 566 [1987]).

The defendant's contention that he was deprived of a fair trial because of certain remarks made by the prosecutor during summation is without merit. Most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Garner,* 27 AD3d 764 [2006]; *People v Smith,* 21 AD3d 386 [2005]; *People v Filipe,* 7 AD3d 539, 540 [2004]). Any error resulting from the remaining challenged remarks was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Gillespie,* 36 AD3d 626 [2007]; *People v Rivera,* 19 AD3d 620 [2005]).

Resolution of issues of credibility is primarily a matter to be

determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.