◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SAYLES, Appellant. [871 NYS2d 178]—

The defendant's contention that the People failed to establish his guilt by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), and giving the People the benefit of every reasonable inference which could be drawn from the circumstantial evidence adduced (*see People v Lewis*, 64 NY2d 1111, 1112 [1985]; *People v Way*, 59 NY2d 361, 365 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of

guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

" '[T]he decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial' " (*People v Knorr,* 284 AD2d 411, 412 [2001], quoting *People v Williams,* 264 AD2d 745, 746 [1999]; *see also People v Rice,* 75 NY2d 929 [1990]). Under the circumstances here, the trial court providently exercised its discretion in denying the defendant's motion for a mistrial based on a remark made by a venire person who had been dismissed for cause during jury selection.

The defendant's contention, raised in his supplemental pro se brief, that he was not present at the restitution hearing, is belied by the record. The defendant's appearance was noted on the record. Ritter, J.P., Florio, Miller and Carni, JJ., concur.