■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DOLLAR, Appellant. [914 NYS2d 900]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered January 16, 2009, convicting him of robbery in the first degree, robbery in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, after eight jurors were selected from the first panel of prospective jurors, a prospective juror from the second panel stated that she had overheard a representative of the defendant talking about the case. In response to inquiries made by the prosecutor and the court of the entire panel, another prospective juror also admitted to overhearing that conversation. These jurors overheard a discussion in the hallway outside the courtroom regarding various sentences and a potential plea bargain rejected by the defendant. The prosecutor made for-cause challenges to both prospective jurors who had overheard the subject conversation. Both challenges were opposed by the defendant. After questioning the jurors, the Supreme Court granted the prosecutor's challenge as to one of the jurors and denied the challenge as to the other. On the following day, prior to opening statements, the Supreme Court asked the eight jurors selected from the first panel if they had overheard any conversations in the hallway relating to the case. One juror came forward and was excused from the jury on consent of both parties. The Supreme Court then instructed the entire jury that the case had to be decided solely on the evi-

dence received in the courtroom. Thereafter, the defendant moved for a mistrial on the ground that he was prejudiced because other members of the jury overheard the subject conversation.

The decision to grant or deny a motion for a mistrial lies within the sound discretion of the trial court, which is in the best position to determine whether this drastic remedy is necessary to protect the defendant's right to a fair trial (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Martin*, 54 AD3d 776 [2008]; *People v Smith*, 23 AD3d 415 [2005]; *People v Williams*, 264 AD2d 745 [1999]). Under the circumstances of this case, the defendant's motion for a mistrial was properly denied (*see* CPL 280.10 [1]; *People v Martin*, 54 AD3d 776 [2008]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.