■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOPETON CAMPBELL, Appellant. [25 NYS3d 896]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered May 1, 2013, convicting him of criminal possession of a weapon in the second degree, criminal possession of marijuana in the third degree, aggravated unlicensed operation of a motor vehicle in the second degree, and speeding, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress recorded statements he made to a codefendant.

Ordered that the judgment is affirmed.

The circumstances surrounding the defendant's arrest and conviction in this case are recited in our decision and order on the codefendant's appeal (*People v McCaw*, 137 AD3d 813 [2016] [decided herewith]).

The defendant's contention that a recorded conversation between himself and his codefendant should not have been admitted in evidence at trial, and a transcript thereof should not have been offered as an aid to the jury, is without merit for the reasons set forth in our determination of his codefendant's appeal.

The defendant's challenge to the legal sufficiency of the evidence with respect to the charges of criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree, and speeding, is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Kearney*, 25 AD3d 622 [2006]; *People v Butler*, 265 AD2d 487 [1999]). In any event, viewing the

evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.