■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL CHRISTIAN, Appellant. [29 NYS3d 817]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 22, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

" '[T]he decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial' " (*People v Knorr*, 284 AD2d 411, 412 [2001], quoting *People v Williams*, 264 AD2d 745, 746 [1999]; *see People v Newkirk*, 75 AD3d 853, 856 [2010]; *People v Sayles*, 57 AD3d 698, 699 [2008]). Under the circumstances here, the Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial during voir dire.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see People v Campbell*, 137 AD3d 807 [2016]; *People v Williams*, 134 AD3d 745 [2015]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's

opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Austin, J.P., Cohen, Miller and Duffy, JJ., concur.