■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY READER, Also Known as JEFFREY READER, Appellant. [37 NYS3d 349]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered June 24, 2013, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions concerning the sufficiency of the Supreme Court's inquiry of the jury regarding alleged juror misconduct are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Knorr*, 284 AD2d 411, 412 [2001]; *People v Albert*, 206 AD2d 320, 322 [1994], *affd* 85 NY2d 851 [1995]). In any event, we find that the inquiry was sufficient to protect the defendant's right to a fair trial (*see People v Dombroff*, 44 AD3d 785, 787 [2007]; *People v Knorr*, 284 AD2d 411 [2001]; *People v Thom*, 256 AD2d 481, 482 [1998]; *People v Simon*, 224 AD2d 458, 458 [1996]; *People v Silvestre*, 192 AD2d 563, 564-565 [1993]; *People v Sullivan*, 167 AD2d 564, 565 [1990]).

Moreover, " 'the decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial' " (*People v Knorr*, 284 AD2d at 412, quoting *People v Williams*, 264 AD2d 745, 746 [1999]; *see People v Christian*, 139 AD3d 870 [2016]; *People v Brown*, 76 AD3d 532, 533 [2010]). The trial court's assessment as to whether juror misconduct warrants a mistrial is afforded great weight on appeal because of the court's unique position to observe the jurors (*see People v Dombroff*, 44 AD3d at 787; *People v Simon*, 224 AD2d at 458). "Because juror misconduct can take many forms, no ironclad rule of decision is possible" (*People v Dombroff*, 44 AD3d at 787 [internal quotation marks omitted]). Here, the defendant failed to establish that a photograph that a juror had found on the Internet and shown to several other jurors, which was not admitted into evidence during the trial, resulted in prejudice and deprived him of a fair trial (*see* CPL 280.10 [1]; *People v Knorr*, 284 AD2d 411 [2001]; *People v Turner*, 210 AD2d 445, 445-446 [1994]; *People v Chapman*, 202 AD2d 297, 298 [1994]; *see also People v Owens*, 287 AD2d 469, 471 [2001]). The photograph,

which depicted the exterior of the house that the defendant allegedly had burglarized, was sufficiently similar to other photographs that were admitted into evidence for the jury to properly consider. Moreover, each juror assured the Supreme Court that he or she would remain fair and impartial and that nothing about the extraneous photograph would influence their respective deliberations. Moreover, the court provided a curative instruction, which the jury is presumed to have followed (*see People v Tockash*, 101 AD3d 1052, 1053 [2012]; *People v Bassett*, 55 AD3d 1434, 1435 [2008]; *People v Martin*, 54 AD3d 776, 776-777 [2008]; *People v Brown*, 21 AD3d 1035, 1036 [2005]; *People v Fernandez*, 269 AD2d 167, 167-168 [2000]; *People v Martin*, 179 AD2d 1044, 1045 [1992]). Accordingly, the Supreme Court properly declined to declare a mistrial. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.