■ The People of the State of New York, Respondent, v Maurice Brown, Appellant. [61 NYS3d 317]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Schwartz, J.), rendered August 5, 2014, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (three counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the execution of a search warrant at the defendant's residence, the defendant was arrested, and thereafter charged, inter alia, with various drug possession offenses. After a jury trial, the defendant was convicted of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (three counts), and unlawful possession of marijuana.

Contrary to the defendant's contention, he was afforded the effective assistance of counsel. The evidence, the law, and the circumstances, viewed in totality, reveal that, despite certain errors on the part of defense counsel, the defendant received meaningful representation (*see People v Oliveras*, 21 NY3d 339, 346 [2013]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant argues that the Supreme Court should have granted his motion to set aside the verdict, made on the basis that the court erred in admitting evidence at trial regarding two uncharged acts. As the defendant contends, the court erred in admitting police testimony at trial regarding a controlled substance found during the search of the defendant's residence, in a purse belonging to another individual, and testimony regarding a substance recovered from the residence which, according to the testimony, was not a controlled substance "[a]t the time of this case." The defendant was not charged with any crimes with respect to either of those substances, and there were no gaps or ambiguities in the narrative of this case that needed to be filled with those additional details in order to help the jury understand the case (*see People v Wilkinson*, 71 AD3d 249, 250 [2010]; *see generally People v Resek*, 3 NY3d 385, 389-390 [2004]). Nevertheless, the error was harmless, since the proof of the defendant's guilt, without reference to the error, was overwhelming, and there was no "significant probability . . . that the jury would have acquitted the defendant had it not been for the error" (*People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *see People v Arafet*, 13 NY3d 460, 467-468 [2009]). Accordingly, contrary to the defendant's contention, the court properly denied his motion to set aside the verdict on the basis of the error (*see* CPL 330.30 [1]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial based upon testimony by a lab technician identifying the substance found in the purse (*see* CPL 280.10 [1]; *People v Christian*, 139 AD3d 870 [2016]).

The sentence imposed was not excessive (*People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.