People v Azeez (2021 NY Slip Op 02171)





People v Azeez


2021 NY Slip Op 02171


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-01663
 (Ind. No. 2017-00075)

[*1]The People of the State of New York, respondent,
v
Abdool Shaad Azeez, appellant.


Mark Diamond, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jordan K. Hummel and Raffaelina Gianfrancesco of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), rendered January 9, 2018, convicting him of rape in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials
ORDERED that the judgment is affirmed.
In 2017, the defendant was indicted and charged, inter alia, with rape in the second degree (three counts) for offenses occurring in December 2013 and January 2014. After trial, the jury convicted the defendant of all three counts of rape in the second degree and acquitted him of the remaining charges.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of rape in the second degree (three counts). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions concerning the suppression of controlled telephone calls are unpreserved for appellate review (see CPL 470.05[2]), and in any event, without merit. On February 4, 2014, the then 14-year-old complainant and her mother met with a detective in the NYPD Special Victims Division. While at the police station house, the detective interviewed the complainant. After the interview, three controlled telephone calls between the complainant and the defendant took place. Specifically, the calls were made from the detective's desk phone using a special computer program, making it appear that the calls were initiated from the complainant's cell phone. The calls were recorded and made part of a call detail log. Contrary to the defendant's [*2]contention, statements made by the complainant in the controlled calls were not of a nature such that they would "create[ ] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45[2][b][i]). Additionally, the admission of these controlled calls into evidence did not violate CPLR 4506(1), which prohibits the introduction of evidence derived from acts constituting the crime of eavesdropping (see Penal Law § 250.05). The controlled calls were not the product of eavesdropping because the complainant impliedly consented to the recording of these calls by participating in them with the knowledge that they were being recorded (see People v Jackson, 125 AD3d 1002, 1004; People v Ross, 118 AD3d 1321, 1322-1323). Defense counsel was not ineffective for failing to preserve these contentions (see People v Benevento, 91 NY2d 708, 712; People v Hernandez, 166 AD3d 647; People v Johnson, 149 AD3d 780, 782).
The defendant's contention that he was entitled to a sanction for a Rosario violation (see People v Rosario, 9 NY2d 286), based on a missing portion of one of the controlled calls, is without merit. "[N]onwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice" (People v Martinez, 22 NY3d 551, 567). Here, a police detective's testimony demonstrated that the loss of the missing portion of the controlled call was nonwillful, and the defendant failed to establish, or even allege, any prejudice based on the loss of that material. Accordingly, the Supreme Court properly declined to impose a sanction.
Contrary to the defendant's contention, the Supreme Court properly denied his motion for a mistrial on the basis of juror misconduct. A defendant's motion for a mistrial should be granted "when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him of a fair trial" (CPL 280.10[1]). "'[T]he decision to declare a mistrial rests within the sound discretion of the trial court which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial'" (People v Knorr, 284 AD2d 411, 412, quoting People v Williams, 264 AD2d 745, 746; see People v Reader, 142 AD3d 1109, 1109; People v Christian, 139 AD3d 870, 870). "The trial court's assessment as to whether juror misconduct warrants a mistrial is afforded great weight on appeal because of the court's unique position to observe the jurors" (People v Reader, 142 AD3d at 1109; see People v Dombroff, 44 AD3d 785, 787; People v Simon, 224 AD2d 458, 458). Here, upon receiving information that jurors engaged in discussions of the case prior to deliberations, the court conducted an inquiry of each juror and determined that the discussions did not rise to the level of deliberations and that each juror was still able to render an impartial verdict. Under the circumstances, the court providently exercised its discretion in denying the defendant's motion for a mistrial.
The Supreme Court also properly determined that certain evidence proffered by the defense was barred by the rape shield law (see CPL 60.42). Contrary to the defendant's contention, statements made by the prosecutor during opening remarks and summation were not evidence (see People v Anderson, 29 NY3d 69, 72-73; People v Musmacher, 133 AD2d 352, 353). Thus, the exception allowing a defendant to rebut evidence introduced by the People of the complainant's failure to engage in, inter alia, sexual intercourse, oral sexual conduct, or sexual contact during a given period of time does not apply (see CPL 60.42[3]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court