People v Lara (2021 NY Slip Op 06557)





People v Lara


2021 NY Slip Op 06557


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Ind. No. 4514/17 Appeal No. 14692 Case No. 2019-1540 

[*1]The People of the State of New York, Respondent,
v
Jesus Lara, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Shaina R. Watrous of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Erika M. Edwards, J.), rendered November 13, 2018, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees, and sentencing him to concurrent terms of 9½ years and 4 years, respectively, unanimously affirmed.
The court correctly declined to deliver an agency defense regarding the third-degree possession count, which was based on intent to sell, because there was no reasonable view of the evidence, viewed most favorably to defendant, to support such a charge (see People v Herring, 83 NY2d 780, 782 [1994]). Although defendant was known to the confidential informant who acted as the buyer, there was no reasonable view that defendant was "merely a purchaser doing a favor for a friend" (People v Lam Lek Chong, 45 NY2d 64, 74 [1978], cert denied 439 US 935 [1978]). Defendant, who had a relationship with the principal seller, arranged the sale of a kilogram of drugs, negotiated the price, and took part in the delivery. Defendant had also arranged a prior kilogram-sized sale, involving a different principal seller, to the informant. The fact that, in his trial testimony, defendant denied any participation in the charged transaction did not preclude an agency charge (see People v Abdul-Aziz, 216 AD2d 77, 78 [1st Dept 1995], lv denied 86 NY2d 788 [1995]). However, to the extent the court erred in that respect, this was only a component of the court's ultimate, correct ruling (see People v Garrett, 23 NY3d 878, 885 n 2 [2014]) that there was no reasonable view of the evidence to support an agency charge, and that such a defense would require the jury to find facts not supported by anything in either the People's case or defendant's testimony (see People v Lewis, 51 AD3d 475 [1st Dept 2008], lv denied 11 NY3d 738 [2008]).
Evidence of the prior uncharged sale was properly admitted as relevant to defendant's knowledge of the nature of the substance possessed (see People v Kirk, 16 AD3d 230 [1st Dept 2005], lv denied 5 NY3d 790 [2005]), intent to sell drugs (see People v Faines, 297 AD2d 590, 595 [1st Dept 2002], lv denied 99 NY2d 558 [2002]) and relationship with the buyer (see People v Ruiz, 166 AD3d 544, 545 [1st Dept 2018], lv denied 32 NY3d 1209 [2019]). Each of these issues was disputed at trial and any
prejudice resulting from introduction of this evidence was minimized by the court's limiting instructions, to which defendant did not object.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021