■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RIVERS, Appellant.—Harvey, J.

On July 1, 1986, Thomas McCann brought his 1977 Ford Thunderbird automobile to Dale's Discount Repair in the Village of Malone, Franklin County. The car was in need of repair and was thus left on the premises with the expectation that the work would be performed and the car picked up the following day. The car, however, was taken from the lot by defendant, who was in a single-car accident with the vehicle at about 4:30 A.M. on July 2, 1986. Defendant was indicted for the crime of unauthorized use of a vehicle in the second degree, a felony, based on the events of July 1 and 2, 1986 and the fact that he had previously been convicted of unauthorized use of a vehicle.

At trial, defendant stated that he had spent most of the afternoon and evening of July 1, 1986 drinking at a local bar. Defendant testified that, as he was mentioning to someone at the bar that he wanted to buy a used car, an individual he had never seen before approached him and stated that he had a used car he wanted to sell. This mysterious stranger then gave defendant the keys to McCann's car and agreed to let defendant keep the car overnight. This story was not only uncorroborated, but it was contradicted by defendant's friend, who testified that on the night in question defendant had represented the car as belonging to him or his girlfriend. The jury was unconvinced by defendant's story and he was found guilty of the charged crime. Defendant was sentenced to 2 to 4 years' imprisonment. This appeal followed.

Defendant contends that County Court failed to adequately charge the jury concerning the presumption of knowledge of lack of consent. Penal Law § 165.05 (1) provides that a person who operates a motor vehicle without the consent of the owner is presumed to know that he does not have such consent. This presumption is, of course, rebuttable and the burden of proof remains on the prosecution (see, People v Simmons, 32 NY2d 250). Here, the court's instructions, which followed closely the New York Criminal Jury Instructions for Penal Law § 165.05 (1) (see, 2 CJI[NY] PL 165.05 [1], at 971-975), were thorough and not misleading. County Court correctly stated that the presumption was permissible. It cautioned that "the law permits *but does not require* the Jury to presume or infer knowledge" (emphasis supplied). The court further charged that the burden of proof did not switch and that the People still had to prove defendant's guilt beyond a reasonable doubt and to disprove all defenses raised by defendant. Based on the facts of this case, we find that the charge to the jury was adequate (see, People v Lewis, 125 AD2d 918, 919-920, lv denied 69 NY2d 882).

Defendant's remaining contentions, that he received ineffective assistance of counsel and that the sentence was harsh, have been considered and found meritless.

Judgment affirmed. Casey, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.