■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IDOLFINO LUGO, Appellant.—Judgment of the Supreme Court, New York County (Budd G. Goodman, J., at trial and sentence; James Leff, J., at suppression hearing and speedy trial motions), rendered on or about January 21, 1987, convicting defendant of criminal possession of a weapon in the third degree and sentencing him as a predicate felony offender to an indeterminate prison term of from 3 to 6 years, unanimously affirmed.

Defendant challenges the summary denial of his CPL 30.30 motions and argues that the People's failure to submit any papers in opposition should be deemed a concession of the facts alleged, thereby requiring dismissal of the indictment. Defendant did not argue before the motion court that the People's failure to respond to his speedy trial motions required dismissal of the indictment. Therefore, he has failed to preserve a question of law for appellate review *(see,* CPL 470.05 [2]; *People v Narayan,* 54 NY2d 106, 112). Furthermore, while we in no way condone the People's failure to respond in writing to these motions, it is clear to us, as it was to the motion court, that defendant's speedy trial claims lack merit because, according to the entries in the official court record, the People answered ready within five months of the filing of the felony complaint, and most of the subsequent delay was occasioned by defendant's motion practice and the disposition thereof. Since the court record refuted defendant's CPL 30.30 claims, summary disposition of the claim was appropriate. The court may summarily deny a CPL 30.30 motion if "[a]n allegation of fact essential to support the motion is conclusively refuted by unquestionable documentary proof." (CPL 210.45 [5] [c].) Similarly, summary disposition of defendant's *pro se* motion, filed November 19, 1986, seeking dismissal of the indictment on the basis of CPL 30.20, was likewise warranted since the record shows that only four months' time could be chargeable to the People,* and that the 12 months' interval from indictment to the date of the motion was not, in

---

* The delay between August 5, 1986 and December 1, 1986 is excludable as

and of itself, sufficient to demonstrate a deprivation of the constitutional right to a speedy trial. *(See, e.g., People v Dean,* 45 NY2d 651, 659.)

Defendant challenges the sufficiency of the evidence demonstrating the operability of the disassembled gun which was seized from him. The evidence at trial, however, viewed in the light most favorable to the People, was sufficient to support the jury's finding that the gun and ammunition were, in fact, "readily" operable. *(People v Cavines,* 70 NY2d 882, 883.) The uncontroverted testimony of the arresting police officers was that they separately recovered from defendant a .22 caliber Ruger pistol and its disassembled mainspring housing. The People's ballistics expert testified that he successfully test-fired the pistol, using the ammunition recovered from defendant. Furthermore, the ballistics expert gave an in-court demonstration of the reassembling of the .22 caliber Ruger pistol and its detached mainspring housing. There was also testimony by one of the arresting officers that defendant, after having been advised of his rights, volunteered that he was a CIA agent, a gun expert, and that he had assembled and disassembled the gun in question a number of times. Finally, in a videotaped statement admitted in evidence, defendant stated, *inter alia,* that he possessed the pistol, and took it apart before it was recovered by the police. The foregoing evidence was sufficient to establish the operability of the weapon.

Defendant's contention that the court erred in its charge regarding, *inter alia,* the pistol's readiness for operation, as well as defendant's own ability to operate the pistol, is unpreserved for lack of an appropriate exception. *(See,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818.) In any event, the claim is meritless since the court's charge properly instructed the jury to "consider all of the evidence and testimony" regarding the pistol's operability and, thus, the jury's attention was correctly focused on the issue. Moreover, contrary to defendant's argument, there is no requirement that defendant be found personally capable of rendering the disassembled pistol operable. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.

the period in which the speedy trial motions were pending *(see,* CPL 30.30 [4] [a]).