In the Matter of STEPHEN R., a Person Alleged to be a
Juvenile Delinquent, Appellant.

First Department, August 20, 1992

### APPEARANCES OF COUNSEL

*Raymond E. Rogers* of counsel *(Lenore Gittis* and *Peter Hart,* Legal Aid Society, attorney), for appellant.

*Elizabeth I. Freedman* of counsel *(Francis F. Caputo* with her on the brief; *O. Peter Sherwood, Corporation Counsel,* attorney), for respondent.

### OPINION OF THE COURT

RUBIN, J.

On the afternoon of December 3, 1990, appellant was sitting in the passenger seat of a 1987 Acura Legend automobile parked at a hydrant at the corner of 129th Street and 7th Avenue in the City and County of New York. A companion was seated in the driver's seat. The key was in the ignition but the engine was not running. The vehicle was approached by two uniformed police officers who requested and received a registration and insurance card for the vehicle from the driver. The driver, who was 18 years old at the time of the arrest, told the officers the car belonged to his girlfriend who was inside a nearby building.

Officer Charles Trautmann testified that his suspicion was aroused when he noticed that the plate bearing the vehicle identification number (VIN) which is visible through the windshield "was black and on that particular kind of car, all

the VIN's are blue." The officers checked the VIN on the firewall and discovered it did not match the number on the dashboard. A check of the number found on the firewall via radio disclosed that the vehicle was stolen. Appellant and the driver were taken into custody. Officer Trautmann stated that no windows on the car were broken and that the vehicle was in good condition.

James Keenan, an investigator for Prudential Property and Casualty Company testified that the Acura had been reported stolen on July 28, 1990. The insurance company paid the claim and took title to the vehicle on September 19, 1990. On the date the car was recovered by the police, the company had given no one permission to use it.

Both witnesses appeared on behalf of the presentment agency. Appellant called no witnesses and did not take the stand.

Family Court applied the presumption in Penal Law § 165.05 (1) to find that appellant used the vehicle without authority. That provision states:

"A person is guilty of unauthorized use of a vehicle in the third degree when:

"1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent."

The statutory presumption is broadly drafted and does not require that a person to whom it applies be involved in the initial taking of the vehicle, that he operate the vehicle, that he occupy it while it is in motion, or that he occupy it for a substantial period of time *(People v Roby,* 39 NY2d 69, 71). The presumption is rebuttable, however, and evidence which indicates that the accused believed his use or occupancy of the vehicle was with the permission of the owner may have "the effect of destroying the statutory presumption" *(People v Simmons,* 32 NY2d 250, 252). The burden of proof remains on the prosecution and, while the statutory presumption *permits* the trier of fact to infer knowledge on the part of the accused that the use of the vehicle is without the owner's permission, it does not *require* such an inference *(People v Rivers,* 140 AD2d 897, 898).

We find the presumption inapplicable to the facts of this case and hold that the disposition of the Family Court is

against the weight of the evidence (CPL 470.15 [5]). Although appellant did not testify, the record is sufficient to rebut the presumption of Penal Law § 165.05 (1).

In *People v McCaleb* (25 NY2d 394, 400), the Court of Appeals noted that the fact which gives rise to a presumption must have a "sinister significance", and held that the "unexplained use or presence in a stolen vehicle has a 'sinister significance' sufficient to justify the presumption that the unauthorized use is with knowledge" (25 NY2d, at 401, *supra).* Given the lapse of time since the theft of the vehicle in this instance (over four months), its good condition and the indicia of ownership or lawful use produced by the driver (keys, registration and insurance card), appellant's mere presence in the vehicle is not so inexplicable as to be considered "sinister" *(compare, People v Roby, supra* [attempt to insert key into ignition]; *People v McCaleb, supra* [vehicles reported stolen within nine hours of arrests]; *People v Wynn,* 177 AD2d 1016, *lv denied* 79 NY2d 954 [defendant fled scene]; *People v Gregory,* 147 AD2d 497 [screwdriver jammed into ignition]; *People v Hunter,* 82 AD2d 893, *affd* 55 NY2d 930 [suspicious behavior of occupants]).

That the driver's use of the car was, by all appearances, lawful is sufficient to rebut any presumption that appellant knew it was being used without authority and casts upon the presentment agency "a heavy burden * * * to negative this rebuttal of the presumption, in order to sustain conviction based on proof beyond a reasonable doubt" *(People v McCaleb, supra,* at 401). Notably, it was only the color of the VIN plate on the dashboard which alerted Officer Trautmann to the possibility that the car was stolen. The average person would not possess such specialized knowledge, and there was nothing else about the vehicle which might have indicated to a passenger that it had been stolen. The vehicle was in good condition, there were keys in the ignition, and the driver produced registration and insurance documents for the vehicle. In short, all of the evidence—save that which would be significant only to the trained observer having specialized knowledge—indicated that the driver was lawfully in possession of the automobile.

In this regard it should be noted that Family Court misconstrued the testimony concerning the supposed residence of the purported owner of the vehicle. Officer Trautmann indicated that the driver informed him that his girlfriend was "inside" a nearby building, not that she lived there. Therefore, there is

no discrepancy between the residence of the purported owner and the State of registration of the vehicle (New Jersey).

We cannot agree with the proposition, implicit in Family Court's ruling, that appellant's "light burden of going forward" to explain his presence in the vehicle *(People v McCaleb, supra,* at 401) may only be satisfied by putting in a defense. This reasoning elevates the statutory presumption of Penal Law § 165.05 (1) to a mandatory presumption rather than a permissive one *(see, People v Rivers, supra).* Requiring the accused to rebut an unwarranted presumption infringes upon the right to remain silent by drawing an adverse inference from his failure to testify *(Griffin v California,* 380 US 609, 615) and shifts the burden to the accused to demonstrate his innocence rather than placing the burden on the prosecution to establish each element of the offense, including knowledge that the vehicle is stolen, beyond a reasonable doubt *(In re Winship,* 397 US 358, 368). The court's comment, in the course of reciting its findings, that "it is hard to understand how, without calling any witnesses, there can be even a scintilla of an attempt to overcome, to rebut that presumption, which, after all, is a permissive one", indicates that appellant's silence was the only reason the statutory presumption was applied. While the presumption, if warranted, allows a permissible inference which may furnish a rational basis for conviction, in this case the presumption is outweighed and rendered inapplicable by " 'the relative strength of conflicting inferences that may be drawn from the testimony' " *(People v Bleakley,* 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62), which are entirely favorable to appellant.

Finally, we note that there is some doubt whether mere presence in a parked vehicle, without more, is sufficient to constitute "control" or "use" within the contemplation of the statute *(see, People v Gray,* 154 AD2d 547; *Matter of Ruben P.,* 151 AD2d 485; *cf., People v McCaleb, supra,* at 397).

Accordingly, the final order of disposition of the Family Court, New York County (Bruce M. Kaplan, J.), entered June 17, 1991, which adjudicated appellant a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of one year, placement to run concurrently with a previously imposed sentence, following a fact-finding determination, entered June 17, 1991, that appellant had committed an act which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle in the

third degree (Penal Law § 165.05 [1]), should be reversed, on the law and the facts, and the delinquency petition dismissed, without costs.

ROSENBERGER, J. P., WALLACH and KASSAL, JJ., concur.

Order, Family Court, New York County, entered on June 17, 1991, reversed, on the law and the facts, and the delinquency petition dismissed, without costs and without disbursements.