THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL MITCHELL, Respondent. [624 NYS2d 187] —Appeal by the People from so much of an order of the County Court, Suffolk County (Corso, J.), dated February 10, 1994, as granted that branch of the defendant's motion which was to dismiss Count One of Suffolk County Indictment No. 1239/93, charging him with criminally negligent homicide.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss Count One of Suffolk County Indictment No. 1239/93 is denied, and Count One is reinstated.

The evidence before the Grand Jury, if accepted as true, established that, at 1:15 P.M. on February 23, 1993, the defendant was driving his red pickup truck eastbound down Sunrise Highway. The road was straight, with three lanes in each direction. At that time, the "level of traffic" was medium to heavy, and it was a bright, sunny day.

The traffic light at the intersection of Sunrise Highway and Smithtown Avenue turned red for the Sunrise Highway traffic and vehicles stopped in the left and right eastbound lanes. The defendant, who was "tailgating" a vehicle in the right eastbound lane, drove his vehicle into the center eastbound lane. He drove his vehicle through the red light at a speed of 40 miles per hour, without braking or blowing his horn, and crashed into a car making a left turn from the northbound lane of Smithtown Avenue onto Sunrise Highway, killing the driver. At the time the defendant's vehicle passed through the intersection, the light had been red for about six seconds.

The County Court noted that "the defendant's failure to see and stop at a steady red light" constituted blameworthy conduct, but his "quick movements * * * were not contributing factors", and therefore, the evidence was insufficient to establish criminal negligence. In effect, the County Court adopted the defendant's argument that "merely one traffic violation alone" does not constitute criminal negligence.

However, as this Court noted in People v Senisi (196 AD2d 376, 379), while one traffic infraction "does not ipso facto establish criminal negligence, it would not be accurate to say that a trier of fact may never conclude that in light of the time, the place, the weather conditions, and in light of any number of other factors", one traffic infraction may constitute criminal negligence. Here, if accepted as true, the defendant's passing other stopped vehicles to go through a red light that had been red for six seconds, in medium to heavy traffic on a

highway with three lanes in either direction, without braking or blowing his horn, clearly constituted "a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]; *People v Fleenor*, 162 AD2d 832), and demonstrated an insensitivity " 'to the interest and claims of other persons in society' " *(People v Haney*, 30 NY2d 328, 334, quoting from Model Penal Code, Tent Draft No. 9, at 53). Further, it cannot be said that his "quick movements" were not contributing factors. That he drove his vehicle through the intersection at 40 miles per hour, without braking or blowing his horn, clearly hampered his ability to avoid hitting the victim's car *(see generally*, Vehicle and Traffic Law § 1180 [e]).

Accordingly, the count of the indictment charging the defendant with criminally negligent homicide is reinstated. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.