■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED THOMAS, Appellant. [661 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered November 16, 1995, convicting him of criminal possession of stolen property in the fifth degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal from so much of the judgment as convicted the defendant of criminal possession of stolen property in the fifth degree is dismissed as academic in light of our determination in *People v Thomas* (242 AD2d 281 [decided herewith]); and it is further,

Ordered that the judgment is affirmed insofar as reviewed.

The defendant contends that the Trial Judge failed to instruct the jury adequately that a person who operates a motor vehicle without the consent of the owner is presumed to know that he does not have such consent. We disagree. The court's instructions closely followed the New York Criminal Jury Instructions *(see,* 2 CJI[NY] PL 165.05 [1], at 971-975), and were thorough and not misleading *(see, People v Rivers,* 140 AD2d 897). The trial court correctly told the jury that the presumption was permissible and that "the fact that you may

draw such inference does not shift the burden to the defendant in any way" *(see, People v Simmons,* 32 NY2d 250). Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.