■ In the Matter of JOSEPH B., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONY B., Appellant. (Proceeding No. 1.) In the Matter of JULIE B., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; RONY B., Appellant. (Proceeding No. 2.) [763 NYS2d 491] —In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from two orders of fact-finding and disposition of the Family Court, Queens County (Freeman, J.), (one as to each child), both dated March 6, 1997, which, after a fact-finding hearing, determined that the children were sexually abused. Assigned counsel has submitted a brief in accordance

with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute the appeals.

Ordered that the motion is granted, Peter H. Dailey is relieved as attorney for the appellant, and he is directed to turn over to new counsel assigned herein all papers in his possession; and it is further,

Ordered that Michael Hueston, 26 Court Street, #600, Brooklyn, N.Y., is assigned as counsel to perfect the appeals; and it is further,

Ordered that the respondent's counsel is directed to turn over a copy of the transcript of the proceedings to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant on or before October 20, 2003, the respondent and the Law Guardian shall serve and file their briefs on or before November 20, 2003, and any reply brief shall be served and filed on or before December 1, 2003; by prior decision and order on motion of this Court dated September 16, 1997, we directed that the appeals be heard on the original papers (including a certified transcript of the proceedings), and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this Court's independent review of the record, we conclude that a nonfrivolous issue exists as to whether the Family Court erred in failing to hold a dispositional hearing (*see Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M.,* 83 NY2d 178 [1994]). By failing to hold such a hearing, the court "limited its ability to make an informed judgment as to the need for alternative or additional dispositional remedies in the children's best interests" (*Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., supra,* at 183). Accordingly, the motion of the father's assigned counsel is granted and new appellate counsel is assigned (*cf. People v Gonzalez,* 47 NY2d 606 [1979]; *People v Casiano,* 67 NY2d 906 [1986]; *Matter of Tiffany L.,* 290 AD2d 523 [2002]). Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.