■ In the Matter of SHAQUANA S., a Person Alleged to be a Juvenile Delinquent, Appellant. [772 NYS2d 83]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Grosvenor, J.), dated February 6, 2003, which, upon a fact-finding order of the same court dated January 13, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, inter alia, adjudicated her to be a juvenile delinquent and placed her on probation for a period of 12 months. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Joan N.G. James is relieved as the attorney for the appellant, and she is directed to turn over to new counsel assigned herein all papers in her possession; and it is further,

Ordered that Steven P. Forbes, 90-50 Parsons Blvd. #401,

Jamaica, N.Y. 11432, (718) 791-8444, is assigned as counsel to perfect the appeal from the order of disposition dated February 6, 2003; and it is further,

Ordered that counsel for the respondent presentment agency is directed to turn over a copy of the transcripts of the proceedings to new assigned counsel; and it is further,

Ordered that new assigned counsel shall serve and file a brief on behalf of the appellant on or before April 5, 2004, the respondent presentment agency shall serve and file a brief on or before May 5, 2004, and any reply brief shall be served and filed on or before May 17, 2004.

Based on our independent review of the record, we conclude that there are non-frivolous issues including, but not necessarily limited to, (1) whether the juvenile delinquency petition was facially insufficient, in that it was based on a statement made by a third person purporting to translate into English certain statements made by the complaining witness in a foreign language (*see Matter of James L.,* 143 AD2d 533 [1988]; *People v Camacho,* 185 Misc 2d 31 [2000]; *People v Banchs,* 173 Misc 2d 415 [1997]; *cf. People v Flores,* 189 Misc 2d 665 [2001]; *People v Allen,* 166 Misc 2d 916 [1996]), and (2) whether the presentment agency proved beyond a reasonable doubt that the appellant knowingly "operate[d], exercise[d] control over, [rode] in or otherwise use[d]" a vehicle without the owner's consent so as to be guilty of acts that would, if committed by an adult, have constituted the crime of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]; *see e.g. Matter of Stephen R.,* 182 AD2d 92 [1992]; *People v Gray,* 154 AD2d 547 [1989]; *Matter of Ruben P.,* 151 AD2d 485, 487 [1989]; *People v Butler,* 119 Misc 2d 1071, 1073 [1983]; *cf. Matter of Raquel M.,* 99 NY2d 92 [2002], *affg* 291 AD2d 155 [2002]; *People v Roby,* 39 NY2d 69 [1976]; *People v McCaleb,* 25 NY2d 394 [1969]). Accordingly, assigned counsel's motion to be relieved is granted, and new counsel is assigned (*see Matter of Joseph B.,* 307 AD2d 996 [2003]). Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.