■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN NEPTUNE, Appellant. [857 NYS2d 733]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered April 15, 2005, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On the evening of July 4, 2003 the defendant was driving three people home from a barbecue. Eyewitnesses testified, inter alia, that the defendant was speeding down a busy street, weaving in and out of traffic without signaling, and tailgating other vehicles. At some point, the defendant lost control of his car, and collided with two other vehicles. One of the passengers in the defendant's car died as a result of the accident.

The defendant was convicted of manslaughter in the second degree. A person is guilty of that crime when he or she "recklessly causes the death of another person" (Penal Law § 125.15 [1]).

The Legislature has defined the term "recklessly" in Penal Law § 15.05 (3). The Criminal Jury Instructions utilize the same definition (see CJI2d[NY] Penal Law § 15.05 [3]; § 125.15 [1]). Despite this, in its charge to the jury, the trial court, over defense counsel's objection, repeatedly defined the term "recklessly" in a manner that substantially deviated from the Penal Law definition and from the CJI pattern charge. Under the circumstances, this constituted error (cf. People v Simmons, 221 AD2d 994, 995 [1995]), which cannot be considered harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]). Accordingly, a new trial is required.

The defendant's remaining contentions, including the contention raised in his supplemental pro se brief, need not be reached in light of our determination. Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.