■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC STALLINGS, Appellant. [866 NYS2d 206]—Appeal by the defendant from a judgment of the County Court, Westchester County (R. Bellantoni, J.), rendered August 23, 2006, convicting him of unauthorized use of a vehicle in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Adler, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the complainant's identification testimony. Contrary to the defendant's contention, the photo array that was shown to the complainant was not unduly suggestive, as the individuals in the photo array were sufficiently similar in appearance to him (*see People v Lee,* 96 NY2d 157, 163 [2001]; *People v Mitchell,* 47 AD3d 951 [2008]; *People v Miller,* 33 AD3d 728, 728-729 [2006]).

The defendant's contention that the trial court failed to adequately instruct the jury on presumption pursuant to Penal Law § 165.05 (1) is unpreserved for appellate review since he did not request any additional instruction, nor did he object to the charge as given (*see* CPL 470.05 [2]; *People v Williams,* 38 AD3d 925, 926 [2007]). In any event, the contention is without merit because the trial court followed the New York Criminal Jury Instructions (*see* CJI[NY] Penal Law § 165.05 [1]), and its charge was thorough and not misleading (*see People v Thomas,* 242 AD2d 280 [1997]; *People v Rivers,* 140 AD2d 897, 898 [1988]). Moreover, the trial court correctly explained that the presumption was merely permissible (*see People v Rivers,* 140 AD2d at 898).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342, 349 [2007]; *People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not denied the effective assistance of counsel, since the record as a whole demonstrates that he received meaningful representation (*see People v Benevento,* 91 NY2d 708, 713 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Waisome,* 40 AD3d 892 [2007]). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.