(October 14, 2008)

■ The People of the State of New York, Respondent, v Yvonne Thomas, Appellant. The People of the State of New York, Respondent, v Heyward Mitchell, Appellant. The People of the State of New York, Respondent, v Samuel O. Forson, Appellant. [866 NYS2d 22]—

Judgment, Supreme Court, New York County (James A. Yates,

J.), rendered December 6, 2001, convicting defendant Yvonne Thomas, after a jury trial, of enterprise corruption, violation of General Business Law § 352-c (5), scheme to defraud in the first degree (two counts), grand larceny in the third degree (two counts), and violation of General Business Law § 352-c (6) (two counts), and sentencing her to an aggregate term of 2 to 6 years and restitution of $89,640, unanimously affirmed. This matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Judgment, same court and Justice, rendered December 6, 2001, convicting defendant Heyward Mitchell, after a jury trial, of enterprise corruption, violation of General Business Law § 352-c (5), scheme to defraud in the first degree (two counts), violation of General Business Law § 352-c (6) (10 counts), grand larceny in the second degree (two counts), and grand larceny in the third degree (five counts), and sentencing him to an aggregate term of 1 1/2 to 4 1/2 years and restitution of $516,600, unanimously affirmed. This matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Judgment, same court and Justice, rendered December 6, 2001, convicting defendant Samuel O. Forson, after a jury trial, of enterprise corruption, violation of General Business Law § 352-c (5), scheme to defraud in the first degree (two counts), grand larceny in the second degree (six counts), grand larceny in the third degree (two counts), falsifying business records in the first degree (two counts), violation of General Business Law § 352-c (6) (three counts), and violation of General Business Law § 352-c (1), and sentencing him to an aggregate term of 7 to 21 years and restitution of $2,095,336, unanimously affirmed.

Order, same court and Justice, entered on or about December 6, 2001, which, to the extent appealed from, denied defendants Thomas's and Mitchell's CPL 440.10 motions to vacate judgment, unanimously affirmed.

As to each defendant and each count, the verdict was based on legally sufficient evidence (*see People v Norman*, 85 NY2d 609, 620 [1995]) and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). In a prior decision involving other defendants in the same case, this Court described the activities of defendants' securities firm as a "wide-ranging 'Ponzi scheme', selling fraudulent investment agreements and certificates," and "misrepresent[ing] to clients that their money was being invested in legitimate, risk-free securities that would pay high returns, while in reality the money was being spent by defendants and their accomplices." (*People v Dowling*, 266 AD2d 18, 18 [1999].)

The evidence supports the conclusion that each defendant made false promises while acting with the requisite intent for larceny by false promise (*see e.g. People v Luongo*, 47 NY2d 418 [1979]), as well as being guilty of scheme to defraud and violation of General Business Law § 352-c (6) (*see People v Sala*, 258 AD2d 182, 186-195 [1999], *affd* 95 NY2d 254 [2000]) and the remaining crimes. The fact that some of the employees who worked for defendants and who actually solicited the investments may have intended that their clients be repaid does not prevent defendants from being found guilty (*see* Penal Law § 20.05 [1]).

There was sufficient corroboration of accomplice testimony (*see People v Besser*, 96 NY2d 136, 143-144 [2001]), such as investment contracts signed by defendants Mitchell and Forson and the testimony of investors who dealt directly with those defendants. Furthermore, where there is a common scheme or plan, "evidence corroborating an accomplice with respect to one offense is sufficient to provide the required corroboration with respect to the other similar crimes" (*People v Mensche*, 276 AD2d 834, 835 [2000], *lv denied* 95 NY2d 966 [2000]).

The record, when viewed in light of the presumption of regularity (*see e.g. People v Dominique*, 90 NY2d 880, 881 [1997]), establishes that the People fulfilled the special procedural requirements for charging enterprise corruption set forth in CPL 200.65, and we reject defendants' arguments to the contrary.

The court offered or provided suitable remedies that were sufficient to prevent defendants from being prejudiced by a brief reference to an inadmissible prior bad act by Mitchell; the People's belated disclosure, during trial, of certain notes, photographs, and a videotape; and a substantive meeting between a prosecutor and one of the People's witnesses during a break in that witness's cross-examination (*see People v Ortiz*, 54 NY2d 288, 292 [1981]; *People v Young*, 48 NY2d 995, 996 [1980]). The court properly exercised its discretion in denying all of defendants' mistrial motions. Defendants' additional claims of prosecutorial misconduct are without merit.

Between the verdict and sentencing, defendants made CPL 330.10 motions to set aside the verdict, raising issues that they also raise on appeal. With respect to the posttrial motions made by Forson, and with respect to a posttrial motion made by Mitchell that the court denied in an oral decision on May 9, 1997, to the extent they were "based on factual assertions outside the record, these motions constituted, at best, motions to vacate judgment pursuant to CPL 440.10, and since [those defendants]

failed to obtain permission from this Court to appeal, the issues raised in [such] motions are unreviewable. In any event, were we to consider these motions as having been made pursuant to CPL 330.30 (1), we would find that they were properly denied since that type of motion is limited to grounds appearing in the record" (*People v Villegas*, 298 AD2d 122, 123 [2002], *lv denied* 99 NY2d 565 [2002] [citations omitted]).

As an alternative holding, we also reject these claims on the merits. In particular, we note that the People's nondisclosure of a case pending against one of their witnesses for operating a motor vehicle while intoxicated did not constitute a violation of CPL 240.45 (1) (c) because the People were not aware of this' pending action during defendants' trial (*see People v Hernandez*, 210 AD2d 535, 536 [1994], *lv denied* 84 NY2d 1032 [1995]). Furthermore, there is no reasonable possibility that disclosure of the open case would have led to defendants' acquittal (*see e.g. People v Richards*, 184 AD2d 222 [1992], *lv denied* 80 NY2d 1029 [1992]).

To the extent that defendants' postverdict motions also alleged improper conduct by or toward jurors (*see* CPL 330.30 [2]), those claims are likewise without merit.

We reject Forson's ineffective assistance of counsel, excessive sentence, and delay in sentencing claims, as well as Thomas's claim that she should be resentenced. Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.