■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORDEKHAY LEVY, Appellant. [884 NYS2d 881]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered October 27, 2008, convicting him of trademark counterfeiting in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence seized pursuant to two search warrants.

Ordered that the judgment is affirmed.

The defendant contends that the evidence seized from his warehouse following the execution of a search warrant in 2005 should have been suppressed, since the affidavit of a police detective in support of the warrant failed to establish probable cause for its issuance. He further contends that a second search warrant, issued in 2006, also was defective because it was premised in part on information derived from the purportedly unconstitutional search conducted in 2005. Contrary to these contentions, the affidavit of the police detective in support of the 2005 search warrant application was sufficient to support a reasonable belief that evidence of illegal activity would be pres-

ent at the premises to be searched (*see People v Watts*, 58 AD3d 647 [2009]; *People v Fricchione*, 20 AD3d 433 [2005]). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress the evidence seized pursuant to the warrants.

Similarly unavailing is the defendant's contention that the trial court failed to adequately instruct the jury with regard to the charged offenses. The charge closely followed the language of the New York Criminal Jury Instructions and, considered in its entirety, properly conveyed to the jury the correct principles to be applied in evaluating the evidence before it (*see People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v Stallings*, 54 AD3d 1064 [2008]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of trademark counterfeiting in the second degree (Penal Law § 165.72) beyond a reasonable doubt.

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.