■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT GELLER and QUALITY PAYROLL SYSTEMS, INC., Appellants. [899 NYS2d 245]—Appeals by the defendants, respectively, from two judgments (one as to each defendant) of the County Court, Suffolk County (Hinrichs, J.), both rendered January 8, 2009, convicting each of them of scheme to defraud in the first degree and grand larceny in the third degree (20 counts), upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants' contention that the evidence was legally

insufficient to support the convictions of scheme to defraud in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Carranza*, 306 AD2d 351, 352 [2003]; *People v Rodriguez*, 200 AD2d 775, 776 [1994]; *People v Udzinski*, 146 AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt (*see People v Thomas*, 55 AD3d 357, 358 [2008]; *People v Nicholas*, 44 AD3d 1075 [2007]; *People v Kowallis*, 1 AD3d 1026, 1027 [2003]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of the crime of scheme to defraud in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

The defendants' contention that the trial court failed to adequately instruct the jury with regard to grand larceny in the third degree is also without merit. The charge closely followed the language of the New York Criminal Jury Instructions as well as the applicable statutory language and, considered in its entirety, properly conveyed to the jury the correct principles to be applied in evaluating the evidence before it (*see People v Levy*, 65 AD3d 1057, 1058 [2009]; *People v Stallings*, 54 AD3d 1064 [2008]). Further, the trial court provided meaningful responses to notes from the deliberating jury. The form of the trial court's responses—rereading the original instructions—was proper, and meaningfully addressed the jury's questions, as the original instructions were proper, and the jury indicated its satisfaction with the responses (*see People v Dombroff*, 44 AD3d 785, 786 [2007]; *People v Kirk*, 16 AD3d 230 [2005]; *People v Riley*, 254 AD2d 78 [1998]; *People v Shanks*, 207 AD2d 710 [1994]).

The sentence imposed upon the defendant Herbert Geller was not excessive (*see People v Farrar*, 52 NY2d 302, 307-308 [1981]; *People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.