■ In the Matter of KALEXIS R., a Person Alleged to be a Juvenile Delinquent, Appellant. [913 NYS2d 279]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated July 8, 2009, which, upon a fact-finding order of the same court dated May 11, 2009, finding that the appellant committed acts, which, if committed by an adult, would have constituted the crimes of assault in the second degree and resisting arrest, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months with credit for time spent in detention. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Mark Brandys is relieved

as counsel for the appellant, and he is directed to turn over to new counsel assigned herein all papers in his possession; and it is further,

Ordered that Steven Forbes, 153-01 Jamaica Avenue, Jamaica, N.Y., 11432, telephone number 718-791-8444, is assigned as counsel to perfect the appeal from the order of disposition dated July 8, 2009; and it is further,

Ordered that counsel for the respondent presentment agency is directed to furnish a copy of the certified transcripts of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the respondent presentment agency shall serve and file a brief within 120 days of the date of this decision and order; by prior order on certification of this Court, the appellant was assigned counsel to prosecute this appeal.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the presentment agency proved beyond a reasonable doubt that the appellant "[w]ith intent to prevent a . . . police officer . . . from performing a lawful duty . . . cause[d] physical injury to such . . . police officer" (Penal Law § 120.05 [3]), so as to be guilty of acts that would, if committed by an adult, have constituted the crime of assault in the second degree (*id.*; *see People v Milhouse*, 246 AD2d 119, 123 [1998]; *People v Voliton*, 190 AD2d 764 [1993], *affd* 83 NY2d 192 [1994]), or that the appellant "intentionally prevent[ed] or attempt[ed] to prevent a police officer . . . from effecting an authorized arrest of himself" (Penal Law § 205.30; *see People v Peacock*, 68 NY2d 675, 676-677 [1986]; *cf. People v Jensen*, 86 NY2d 248, 253 [1995]; *Matter of Carlton F.*, 25 AD3d 610, 611-612 [2006]). Accordingly, assigned counsel's motion to be relieved is granted, and new counsel is assigned (*see Matter of Shaquana S.*, 4 AD3d 366 [2004]; *cf. Matter of Joseph B.*, 307 AD2d 996 [2003]). Fisher, J.P., Angiolillo, Belen and Austin, JJ., concur.