■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAYER SADIAN, Appellant. [917 NYS2d 586]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered December 22, 2008, convicting him of criminally negligent homicide and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 6, 2007, shortly after 8:00 P.M., the defendant was driving northbound on Mineola Avenue in Roslyn, traveling almost twice as fast as the posted speed limit in an attempt to reach a friend's home before she left to go upstate. At the time, it was raining heavily and there was poor visibility. Approximately 0.4 mile north of the Long Island Expressway, on a commercial section of Mineola Avenue with heavy pedestrian traffic, the defendant's vehicle struck and killed a pedestrian who was crossing the street.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminally negligent homicide beyond a reasonable doubt (*see People v Boutin,* 75 NY2d 692 [1990]; *People v Haney,* 30 NY2d 328 [1972]; *People v LaFantana,* 277 AD2d 395 [2000]; *People v Mitchell,* 213 AD2d 562 [1995]; *People v Senisi,* 196 AD2d 376 [1994]; *cf. People v McGrantham,* 12 NY3d 892 [2009]; *People v Cabrera,* 10 NY3d 370 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the trial court failed to adequately instruct the jury with regard to criminally negligent homicide is without merit. The charge closely followed the language of the New York Criminal Jury Instructions and, considered in its entirety, properly conveyed to the jury the cor-

rect principles to be applied in evaluating the evidence before it (*see People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v Stallings*, 54 AD3d 1064 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Eng, Belen and Austin, JJ., concur.