■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ILLESCAS, Appellant. [928 NYS2d 762]—

On the defendant's direct appeal from the judgment of conviction, this Court found that, upon the record then existing, the defendant received the effective assistance of trial counsel (*see People v Illescas*, 47 AD3d 840, 841 [2008]). Specifically, this Court stated that "[r]easonable strategic concerns would support counsel's decision not to request submission of a lesser-included offense" (*id.*). A review of the record presently before us, which includes the transcript of the hearing held upon the defendant's motion pursuant to CPL 440.10, does not change that conclusion.

As held by the Court of Appeals, "in ineffective assistance cases, counsel's subjective reasons for a decision are immaterial, so long as '[v]iewed objectively, the transcript and the submissions reveal the existence of a trial strategy that might well have been pursued by a reasonably competent attorney' " (*People v Evans*, 16 NY3d 571, 575 [2011] [emphasis omitted], quoting *People v Satterfield*, 66 NY2d 796, 799 [1985]). Here, a reasonable view of the evidence shows that the conduct relating to the subject homicide was intentional, not reckless. Trial counsel availed himself of a justification defense strategy. Con-

sistent therewith, trial counsel's choice not to request submission of the lesser-included offense of manslaughter in the second degree, with its mens rea of recklessness (*see* Penal Law § 125.15 [1]; *People v Neptune*, 51 AD3d 949, 950 [2008]), constituted a legitimate trial strategy of a reasonably competent attorney. Accordingly, contrary to the defendant's contention, he was not deprived of the effective assistance of counsel, as counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Balkin, Lott and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33697(U).]**