THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LEE, Appellant. [933 NYS2d 272]—

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). The court precluded any inquiry into more than half of the numerous prior bad acts identified by the People. In those instances where the court permitted inquiry into a conviction, it generally precluded inquiry into the underlying facts. The probative value of defendant's extensive theft-related convictions outweighed their prejudicial effect.

The fact that one of the victims testified through a Cantonese

interpreter who revealed that he was acquainted with the victims does not require a new trial under the circumstances of the case. "[I]t has been termed the better practice to avoid appointing a friend or relative of a party or witness as interpreter" (*Matter of James L.*, 143 AD2d 533, 534 [1988]). However, here the court and defense counsel thoroughly questioned the court interpreter about any possibility of bias, and there is no reason to believe that defendant was prejudiced by the use of this interpreter. Unlike the complainant's son who interpreted for his mother in *James L.*, the interpreter here was not a private citizen appointed as an ad hoc interpreter, but a career court employee who was presumably well aware of his duty to translate testimony verbatim and accurately. Furthermore, the interpreter knew nothing of the facts of this case and there was substantial corroborating evidence through the testimony of another witness and video surveillance films.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Friedman, Catterson and Freedman, JJ.