— Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered September 22, 2009, convicting defendant, after a jury trial, of *769 burglary in the second degree and grand larceny in the third degree, and sentencing her to concurrent terms of six years and 2V3 to 7 years, respectively, unanimously affirmed.
Defendant failed to preserve her argument that the court should have charged the jury that it could acquit her even if it did not believe the defense witnesses, and we decline to review it in the interest of justice. Although defendant joined in a codefendant’s objection to the court’s charge, that objection did not preserve the particular issue defendant raises on appeal. As an alternative holding, we find that the court properly instructed the jury that the burden of proof always remained on the People, and that the fact that the defense called witnesses did not shift the burden of proof. Viewed as a whole (see generally People v Umali, 10 NY3d 417, 427 [2008]), the court’s charge gave the jury the same information that defendant claims should have been given.
Defendant’s challenge to the use of an official court interpreter who was acquainted with the victims is unavailing (see People v Lee, 89 AD3d 633 [1st Dept 2011], affd 21 NY3d 176 [2013]).
We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P, Sweeny, Renwick and Richter, JJ.