■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FILER, Appellant. [43 NYS3d 909]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered July 14, 2014, convicting him of criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the defendant contends that the People did not present legally sufficient evidence that the gun he was charged with having possessed was operable, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of two counts of criminal possession of a weapon in the second degree beyond a reasonable doubt (*see* Penal Law § 265.03 [1] [b]; [3]; *People v Cavines,* 70 NY2d 882, 883 [1987]; *People v Jones,* 138 AD3d 1144, 1144 [2016]; *People v Bailey,* 19 AD3d 431, 432 [2005]). Furthermore, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not

against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

The defendant's contention that the Supreme Court failed to adequately instruct the jury on the definition of "loaded," as it applied to the black powder revolver at issue herein, is without merit. The court's charge mirrored the language of the New York Criminal Jury Instructions (CJI2d[NY] Penal Law § 265.03 [1] [b]; [3]) and, considered in its entirety, properly conveyed to the jury the correct principles to be applied in evaluating the evidence before it (*see People v Davis*, 103 AD3d 810, 812-813 [2013]; *People v Sadian*, 81 AD3d 987, 987-988 [2011]; *People v Stallings*, 54 AD3d 1064, 1064 [2008]; *People v Lugo*, 161 AD2d 122, 123 [1990]).

Moreover, viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Casseus*, 120 AD3d 828, 829 [2014]; *People v Illescas*, 87 AD3d 699, 700 [2011]; *cf. People v Gordian*, 99 AD3d 538, 538 [2012]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.