People v Munise (2023 NY Slip Op 06562)

People v Munise

2023 NY Slip Op 06562

Decided on December 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 21, 2023

113121
[*1]The People of the State of New York, Respondent,
v
Aaron M. Munise, Appellant.

Calendar Date:November 15, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Paul Skip Laisure, Garden City, for appellant.
Karen A. Heggen, Special Prosecutor, Ballston Spa (John B. Latella III of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Montgomery County (Traci DiMezza, J.), rendered July 9, 2021, upon a verdict convicting defendant of the crime of criminally negligent homicide.
On November 27, 2018, defendant was operating a box truck and traveling westbound on Route 5S in Montgomery County, proceeding at approximately 60 miles per hour in a 55 mile-per-hour zone. After rounding a bend in the road, defendant struck the rear of a sedan driven by Jeremy VanNostrand, an off-duty state trooper (hereinafter the victim), who had slowed to turn left across the two-lane road into the Fonda State Police barracks. The impact forced the victim's vehicle into the eastbound lane and the path of an oncoming pickup truck. In an attempt to avoid a collision, the pickup truck swerved, but collided with the victim's vehicle. As a result of the collision between the victim's vehicle and the oncoming pickup truck, the victim sustained a fatal skull fracture.

Defendant thereafter was charged in a three-count indictment with criminally negligent homicide, reckless driving and following too closely. After a jury trial, defendant was found guilty of criminally negligent homicide, and sentenced to a prison term of 1 to 3 years.[FN1] Defendant appeals.
Defendant contends that the People's evidence is legally insufficient and that the verdict is against the weight of the evidence. Specifically, defendant asserts that the People did not show adequate proof of blameworthy conduct beyond a failure to perceive the victim's vehicle before impact and driving marginally beyond the speed limit. Defendant preserved the claim of legal insufficiency when County Court reserved upon a written motion to dismiss presented at the close of the People's case and ultimately denied the motion at the close of defendant's case (see CPL 290.10 [1]; People v Payne, 3 NY3d 266, 273 [2004]; People v Cabrera, 40 AD3d 1139, 1140 [3d Dept 2007], mod 10 NY3d 370 [2008]).
A review of legal sufficiency requires this Court to "view the facts in the light most favorable to the People and examine whether there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (People v Sharlow, 217 AD3d 1120, 1121 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 1013 [2023]; see People v Hampton, 21 NY3d 277, 287 [2013]). Whereas, a review of whether a verdict is against the weight of the evidence requires the court to "view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Gertz, 204 AD3d 1166, 1167-1168 [3d Dept 2022] [internal quotation marks and citations omitted], lv [*2]denied 38 NY3d 1070 [2022]; see People v Dawson, 195 AD3d 1157, 1160 [3d Dept 2021], affd 38 NY3d 1055 [2022]).
"A person is guilty of criminally negligent homicide when, with criminal negligence, he [or she] causes the death of another person" (Penal Law § 125.10). "A person acts with criminal negligence . . . when he [or she] fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]; see People v Gaworecki, 37 NY3d 225, 230-231 [2021]). "Criminal liability cannot be predicated on every act of carelessness resulting in death; the carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence and must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong" (People v Gerbino, 161 AD3d 1220, 1222 [3d Dept 2018] [internal quotation marks, brackets, ellipsis and citations omitted]; accord People v Faucett, 206 AD3d 1463, 1464 [3d Dept 2022]).
At trial, the People presented testimony of Robert Mower, a collision reconstructionist for the State Police, who opined that defendant's inattentiveness caused the collision. He found that any braking of the box truck occurred at the time of the collision, not before it, based upon data from the vehicle and the lack of discernible tire marks. He determined from an accident log report obtained through the truck's collision avoidance system that the box truck had decelerated from 60 miles per hour to 44 miles per hour approximately 11 seconds before the collision.
Defendant's accident reconstruction expert, Shawn Harrington, similarly opined that the cause of the collision was defendant's inattentiveness. He also found that in the minutes prior to the collision, defendant had reduced his speed from approximately 60 miles per hour to 45 miles per hour at the time of impact. He calculated that if the victim was driving 45 miles per hour to 55 miles per hour before he braked to turn into the barracks, his brake lights would have been illuminated for 12 to 13 seconds. He further opined that it was likely that defendant, not the collision mitigation system, initiated the brakes as the braking was the maximum amount permitted by the truck's antilock braking system.
"The unexplained failure of a driver to see the vehicle with which he subsequently collided does not, without more, support a conviction for the felony of criminally negligent homicide" (People v Boutin, 75 NY2d 692, 694 [1990]). Here, the People argue that a failure to brake — for what is alleged to be a period of 10 to 18 seconds — constitutes criminal negligence. But even taking the facts in the light most favorable to the People, a failure to brake, without more, does not constitute [*3]criminal negligence (see People v Boutin, 75 NY2d at 694; People v Faucett, 206 AD3d at 1465). "[U]nless a defendant has engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of death, he [or she] has not committed the crime of criminally negligent homicide; his [or her] 'nonperception' of a risk, even if death results, is not enough" (People v Boutin, 75 NY2d at 696). Criminally culpable risk-creating conduct constituting "a gross deviation from the standard of care that a reasonable person would [have] observe[d]" (Penal Law § 15.05 [4]), includes speeding through a traffic control device without braking or blowing the horn (see People v Haney, 30 NY2d 328, 335-336 [1972]; People v Mitchell, 213 AD2d 562, 562-563 [2d Dept 1995], lv denied 86 NY2d 845 [1995]); driving at an excessive rate of speed, e.g., 90 miles per hour in a 50 mile-per-hour zone (see People v Paul V.S., 75 NY2d 944, 944-945 [1990]; but see People v Perry, 123 AD2d 492, 492-493 [4th Dept 1986] [insufficient evidence to support criminally negligent homicide where defendant operated his car at 80 miles per hour on a rural road at night], affd 70 NY2d 626 [1987]); driving at an excessive rate of speed while engaged in a drag race (see People v Ricardo B., 73 NY2d 228, 235-236 [1989]; People v Soto, 44 NY2d 683, 684 [1978]); and driving under the influence of alcohol (see People v Currier, 221 AD2d 805, 806-807 [3d Dept 1995]).
Defendant's unexplained failure to perceive the victim's vehicle, careless as it may have been and tragic as its results were, is insufficient to establish the necessary blameworthy conduct for defendant to be criminally liable and support his conviction for criminally negligent homicide (see People v Cabrera, 10 NY3d 370, 377-380 [2008]; People v Boutin, 75 NY2d at 694-698; People v Faucett, 206 AD3d at 1465-1466). Further, the People's argument that there are no meaningful distinctions between brake lights and traffic signals, under the circumstances presented here, is unpersuasive. Similarly, the People's argument that the increased size of defendant's vehicle resulted in a greater need for attentiveness to appropriate braking is contrary to the reasoning by this Court in Faucett and the Court of Appeals in Boutin. Accordingly, because the evidence is insufficient as a matter of law to sustain defendant's conviction for criminally negligent homicide, the judgment of conviction must be reversed, and the indictment dismissed.
In light of our holding, the remainder of defendant's arguments have been rendered academic.
Lynch, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.

Footnotes

Footnote 1: It is unclear how the other two counts were disposed of, but they were not presented to the jury.